**KOLLER LAW LLC**
David M. Koller, Esquire (90119)
Jordan D. Santo, Esquire (320573)                                          *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANNE GRAY, <br> 407 N 32nd Street <br> Philadelphia, PA 19104 <br>           Plaintiff, <br>           v. <br> <br> SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY <br> 240 North Radnor Chester Road <br> Radnor, PA 19087 <br>           Defendant. | Civil Action No. <br><br> **COMPLAINT AND** <br> **JURY DEMAND** |

### CIVIL ACTION

Plaintiff, Anne Gray (hereinafter "Plaintiff"), by and through her attorney, brings this civil matter against Defendant, Southeastern Pennsylvania Transportation Authority (hereinafter, "Defendant" and "SEPTA"), alleging she was subject to unlawful violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and the Pennsylvania Human Relations Act ("PHRA"), and avers and alleges as follows:

### THE PARTIES

1. Plaintiff is an adult individual domiciled in the above captioned address.

2. Defendant is a regional transportation authority with a location and with a corporate

headquarters located at 1234 Market Street, Philadelphia, PA 19107.

3. At all relevant times hereto, Defendant employed the requisite number of employees under the applicable statutes.

4. At all times hereto, Defendant employed managers, supervisors, agents and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decision, these individuals engaged in the practice of treatment which forms the basis of Plaintiff allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents and employees who acted directly or indirectly in the interest of the employer. In so acting these individuals engaged in the pattern and practice of treatment which forms the basis of the Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure

because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in the judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted her administrative remedies under Title VII and the PHRA.

13. Plaintiff filed a timely written Charge of Discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") alleging sexual harassment and retaliation against Defendant.

14. The Charge was assigned a Charge Number of 530-2023-02151 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") by request and that Notice is dated August 14, 2023. Plaintiff received the notice by electronic mail.

16. Plaintiff files the instant Complaint within ninety (90) days of her receipt of the Notice of Right to Sue letter relative the Charge.

17. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.

18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. On February 28, 2022, Defendant hired Plaintiff in the position of Conductor/Engineer Trainee.

21. Plaintiff was well qualified for her position and performed well.

22. While in training, in or around March 2022, Marshall Stokes, Conductor Trainer, began to sexually harass Plaintiff.

23. Mr. Stokes took a picture of Plaintiff on his phone during work.

24. When Plaintiff asked Mr. Stokes why he had a picture of her on his phone, he stated that it was because he had been checking up on her.

25. Mr. Stokes gave his phone number to a coworker in order to give to Plaintiff.

26. He also called Plaintiff's High School classmates and her college roommate and asked inappropriate questions about Plaintiff such as, who she was married to and who she had children with.

27. Plaintiff complained about Mr. Stokes' sexual harassment to Michelle LNU, Head Trainer, but Michelle did not address Plaintiff's complaint.

28. At the conclusion of Plaintiff's training on April 14, 2022, Mr. Stokes gave Plaintiff his personal phone number and requested that she call him after work hours.

29. Plaintiff did not call Mr. Stokes.

30. In or around the end of April 2022, Mr. Stokes saw Plaintiff while she was performing her route and inquired why she had not called him, and proceeded to threaten to write her up.

31. Plaintiff reported Mr. Stokes' conduct to Erica Cartagena, Union Representative, about Mr. Stokes' sexual harassment and threatening to writer her up.

32. Ms. Cartagena informed Plaintiff that Mr. Stokes' conduct would be reported to Bernie LNU, Union Representative.

33. However, upon information and belief, no action was taken against Mr. Stokes.

34. On or around August 21, 2022, Plaintiff began working under Willie Folk, Conductor.

35. Mr. Folk began sexually harassing Plaintiff by running his hand over Plaintiff's breasts and buttocks.

36. Plaintiff initially believed that Mr. Folk did this accidently, but his sexual harassment continued.

37. On one instance, Mr. Folk touched Plaintiff's breasts and stated, "My bad, I didn't know they were that big," and proceeded to laugh.

38. On September 14, 2022, Mr. Folk grabbed Plaintiff from behind, picked her up off of her feet and ran her body down his, so that her buttocks slid down his groin.

39. On September 15, 2022, Plaintiff complained to Defendant's EEO Office regarding Mr. Folk's sexual harassment.

40. Defendant proceeded to conduct an investigation into Plaintiff's complaint of sexual harassment in which Plaintiff reported Mr. Stokes and Mr. Folk's sexual harassment.

41. During the investigation, Mr. Folk attempted to contact Plaintiff.

42. On October 11, 2022, Anthony Miller, Manager, EEO/Employee Relations, sent a letter to Plaintiff regarding her complaint of sexual harassment stating that the allegations were unsubstantiated, but that Defendant would separate her from Mr. Folk.

43. However, Plaintiff and Mr. Folk continued to have to work in close proximity with each other.

44. This resulted in a chance of Plaintiff having to release her train to Mr. Folk.

45. In addition, Plaintiff shared a common rest area with Mr. Folk.

46. Upon information and belief, Defendant took no action regarding Mr. Stokes' sexual harassment.

47. On May 3, 2023, Plaintiff submitted her resignation to Defendant letter due to the sexual harassment and Defendant's refusal to properly address her complaint of sexual harassment.

48. Plaintiff was constructively discharged.

49. It is Plaintiff's position that she was sexually harassed and retaliated against for her complaints of sexual harassment in violation of Title VII and the PHRA.

### COUNT I – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

50. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

51. Taken together, the acts outlined above constitute a hostile work environment based on sex.

    a. Plaintiff suffered intentional discrimination because of her membership in a protected class – female.

    b. Such discrimination was severe or pervasive.

    c. Such discrimination detrimentally affected Plaintiff.

    d. Such discrimination would have detrimentally affected a reasonable woman in Plaintiff's position.

52. The unlawful employment practices outlined above were intentional.

53. Plaintiff suffered tangible employment actions as alleged herein.

54. Defendant knew or reasonably should have known of the sexual harassment.

55. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing

behavior.

56. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

### COUNT II – SEXUAL HARASSMENT – HOSTILE WORK ENVIRONMENT
### PENNSYLVANIA HUMAN RELATIONS ACT

57. Plaintiff incorporates by reference each allegation contained in the preceding paragraphs as if the same were set forth more fully at length herein.

58. The foregoing conduct created a sexually hostile work environment for Plaintiff.

59. Plaintiff suffered intentional discrimination because of her sex.

60. Defendant subjected Plaintiff to unwelcome conduct of a sexual nature that was severe or pervasive.

61. The discrimination detrimentally affected Plaintiff.

62. Plaintiff suffered tangible employment actions as alleged herein.

63. The discrimination would detrimentally affect a reasonable woman in Plaintiff's position.

64. Defendant knew or reasonably should have known of the sexual harassment.

65. Defendant failed to exercise reasonable care to prevent and promptly correct the harassing behavior.

66. As a result of Defendant's conduct as aforementioned, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra.*

## COUNT III – RETALIATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

67. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

68. Plaintiff made internal complaints regarding sexual harassment.

69. Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

70. There exists a causal connection between Plaintiff's complaints of sexual harassment and the adverse employment action.

71. Defendant constructively discharged Plaintiff's employment as a result of her complaints.

72. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## COUNT IV – RETALIATION
## PENNSYLVANIA HUMAN RELATIONS ACT

73. Plaintiff incorporates all the above paragraphs as if they were set forth at length herein.

74. Plaintiff made internal complaints regarding sexual harassment.

75. Defendant took adverse employment actions against Plaintiff, including, but not limited to, constructive discharge.

76. There exists a causal connection between Plaintiff's complaints of sexual harassment and the adverse employment action.

77. Defendant constructively discharged Plaintiff's employment as a result of her complaints.

78. As a result of Defendant's unlawful retaliation, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Anne Gray, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future monetary losses as a result of Defendant unlawful discrimination;

(b) Compensatory damages;

(c) Punitive damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendant, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with them, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of Title VII and the PHRA.

(j) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for her adverse actions, disciplines, and termination; and

(k) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## **CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time any other action or arbitration proceeding contemplated.

Respectfully Submitted,

**KOLLER LAW LLC**

Date: November 13, 2023

By: _____
David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215)-545-8917
F: (215)-575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*